Conway, Ch. J.
The indictments found against defendant charge him with killing Beverly Reade (his sister-in-law) and Cheryl Lynn Reade (her nineteen-month-old daughter) by strangling willfully, feloniously and with a premeditated design to effect death and while in the commission, as to each, of the crime of rape in the first degree, a felony. The jury returned a verdict of guilty of murder in the first degree, without a recommendation of clemency.
On this appeal there is no claim made that defendant did not commit the crimes involved. He seeks a new trial upon the grounds (1) that the prosecution failed to establish beyond a reasonable doubt that, at the time the crimes were committed, the defendant knew the nature and quality of his acts, and knew that the acts were wrong; (2) that reversible error was committed at the trial.
We are of the opinion that those arguments will not withstand analysis and that defendant is not entitled to a new trial.
There was ample evidence to justify the finding of the jury that defendant was legally sane at the time he committed the crimes in question. He was examined at the Glowanda State Homeopathic Hospital on the evening following the commission of the crimes. The State hospital doctors who there examined him were acting in the course of their official duties before the return of any indictment and had not been retained for the purpose of testifying by either the People or the defendant. Apart from the medical testimony, subsequently introduced on the trial, there is evidence in the record which demonstrates that defendant was legally sane. Early in the morning following the crime, the defendant proceeded to hide the bloodstained T-shirt he had been wearing in the garbage barrel in the alley behind the building in which he had his room. He tore from the shirt he was wearing at the time of the crimes, the collar, because it had the laundry mark “ Reade ” on it and put it into a pail which he hid in the drainage canal leading into the Chadakoin River. He took $5 out of the pocketbook of his sister-in-law and then hid the pocketbook together with the green wallet and keys which were in the pocketbook. When he was arrested he at first gave to the police a number of alibis as to his whereabouts on the evening the crime was committed before eventually confessing.
*462 It is urged that prejudicial error was committed by the District Attorney when he said, in summation: “ Well, if you find him insane, ladies and gentlemen, you will have no assurance whatsoever that he won’t be back out again * * * when he satisfies the Commission that he is sane, as he is, that will be the end, he will be back out. No assurance whatsoever have you that they will keep him out of society. And, ladies and gentlemen, that you cannot afford to let happen.”
The District Attorney contends, and we agree, that that portion of his summation was a fair reply to remarks made by the defense. In his summation defendant’s attorney went to great length and into great detail to tell the jury of an experience in his own family, the story of his own brother. He told them that his brother became insane; that he was taken to an institution, and that he remained in that institution until the day he died. Then, he told the jury that his family took his brother from the institution and buried bim in the family cemetery. The District Attorney claims, and we think with justification, that the purpose of defense counsel in relating this personal story to the jury, in the dramatic form in which he did, was to convey the idea to the jury that, if they found the defendant insane, he too would go to an institution, there to remain until he died, and that that would prevent his return to society. We believe that the District Attorney had the right to answer the suggestion made by defense counsel that the jury could prevent defendant’s returning to society during his life by finding him insane by pointing out that such a finding by the jury could bring no such assurance. We are not prepared to say that his language was prejudicial under the circumstances. After the dramatic and personal story of the defendant’s counsel as to his own brother, the District Attorney was entitled to make a reply based on the record and his inferences from it.
The judgment of conviction should be affirmed.